IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA : CRIMINAL ACTION NO. 04-532
:
v. :
:
SHAWN BROWN : CIVIL ACTION NO. 11-4183

MEMORANDUM

Bartle, J.                                                      October 12, 2011

        Before the court is the motion of defendant Shawn Brown ("Brown") to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. The government has also moved to dismiss the petition under Rule 4(b) of the Federal Rules Governing § 2255 Proceedings.[1]

        On September 7, 2004, a grand jury issued a three-count indictment charging Brown with: (1) possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(b)(1), (b)(1)(C); (2) use of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1); and (3) being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 924(e), (g). Brown was convicted by a jury on January 26, 2005 of all counts. He was sentenced to 420 months' imprisonment and a term of supervised release of five years. See

---

1. Under this rule, a district court may dismiss a § 2255 petition "[i]f it plainly appears from the face of the motion and any annexed exhibits and prior proceedings in the case that the movant is not entitled to relief."

United States v. Brown, No. 04-532 (E.D. Pa. June 14, 2005). Our Court of Appeals affirmed his conviction, but vacated his sentence and remanded the action to this court for resentencing. See United States v. Brown, 241 F. App'x 890 (3d Cir. 2007). After resentencing, Brown filed a second appeal. His sentence was affirmed. See United States v. Brown, 385 F. App'x 147 (3d Cir. 2010).

Brown, acting pro se, has filed a § 2255 petition in which he alleged a deprivation of his Sixth Amendment right to effective assistance of counsel. He outlines the purported errors made by his court-appointed counsel at trial, at his sentencings, and on his appeals. Brown requests that we vacate his conviction and order a new trial.

I.

The underlying facts, in the light most favorable to the government, are as follows. On February 14, 2004, two Philadelphia police officers spotted Brown while conducting surveillance from the roof of an abandoned building at 2200 Pacific Street in Philadelphia. Brown was sitting in the driver's seat of a parked vehicle with the window rolled down.

Michael Maresca, one of the officers, observed Brown and another man, Gabriel Voluntad, engage in a series of drug transactions. On each occasion, an individual would approach Voluntad on the street. Voluntad would then escort the individual to Brown's car. Inside the car, Brown handed the individual a clear plastic bag in exchange for money. Officer

Maresca testified that he could see clearly the interior of Brown's vehicle because of a nearby streetlight. Based on his experience in law enforcement, Maresca believed that Brown's behavior was consistent with the sale of narcotics.

Shortly thereafter, Brown became aware of the officers on the roof and fired two shots at them. One officer radioed for back-up. Additional police surrounded Brown's vehicle. Nonetheless, Brown sped away and led the officers on a high-speed chase. Amid the commotion, one of the officers saw a firearm in Brown's hand.

Brown hit a police car and pointed his gun at another officer while continuing his flight. As two officers drove towards Brown's car, he fired at their vehicle before crashing into it. Brown again pointed his firearm at police, at which point an officer jumped into his car and disarmed him. Police discovered 58 plastic packets of heroin in Brown's possession when he was arrested.

Voluntad also fled from police. He was apprehended later that evening attempting to flush narcotics down a toilet in a nearby bar. Voluntad was arrested by Philadelphia police officers and charged with: (1) manufacturing, delivering, or possessing with intent to manufacture or deliver a controlled substance; (2) conspiracy to possess with intent to distribute a controlled substance; and (3) knowing or intentional possession of a controlled substance. See 35 Pa. Cons. Stat. Ann. § 780-113. However, the state charges against him were dismissed in

November 2004.  See Commonwealth v. Ferrell, MC-51-CR-0219091-2004 (Phila. Ct. Com. Pl. Nov. 4, 2004).

Brown was the subject of a federal indictment.  As stated previously, Brown was convicted on all counts after a two day jury trial.  In the presentence report, the Probation Office determined that Brown had two prior robbery convictions and two prior drug convictions.  Based on this information, the court identified Brown as an armed career criminal under the Armed Career Criminal Act, 18 U.S.C. § 924(e).  Under that statute, a defendant qualifies as an armed career criminal if he has been convicted of three or more violent felonies or serious drug offenses.  The court sentenced Brown to 300 months' imprisonment on Counts One and Three and a consecutive sentence of 120 months on Count Two, resulting in a total sentence of 420 months' imprisonment.  Brown was represented at trial and his initial sentencing by Nino V. Tinari, Esquire.

Brown filed his first appeal on June 12, 2006.  On appeal, he challenged the sufficiency of the evidence as well as an evidentiary ruling made by the district court.  The Court of Appeals denied both of those claims.

Brown challenged his sentence on two grounds. Brown maintained that the government had not met its burden of proving that he was an armed career criminal because it failed to introduce proper evidence of Brown's qualifying prior convictions through a state court complaint, certified copy of the judgment, or a guilty plea colloquy.  See Shepard v. United States, 544

U.S. 13, 26 (2005).  He maintained that his two prior robbery convictions were not "separate" offenses and that his drug convictions were not "serious" offenses as required under the language of § 924(e).

Brown also asserted that the court had imposed a sentence in excess of the statutory maximum for Count One, possession of cocaine with intent to distribute.  That offense carries a maximum sentence of 20 years (240 months) unless the defendant has a prior conviction for a felony drug offense, in which case the maximum is 30 years (360 months).  See 21 U.S.C. § 841(b)(1)(C).  However, that section also provides that:

> No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court ... stating in writing the previous convictions to be relied upon.

Id. at § 851(a)(1).  Because the government failed to file an information, Brown argued that his sentence of 25 years (300 months) on Count One exceeded the statutory maximum.  The Court of Appeals agreed with Brown on these two issues and remanded for re-sentencing.  Brown was represented by William R. Spade, Jr., Esq. during his first appeal, re-sentencing, and his second appeal.

On November 16, 2007, the district court re-sentenced Brown.  Although he did not qualify as an armed career criminal, the court found that Brown was a career offender under U.S.S.G.

§ 4B1.1.  The advisory range under the United States Sentencing Guidelines (the "Guidelines") was 360 months to life imprisonment.  Defense counsel did not object to this calculation.

Brown made a motion for a downward departure based on his rehabilitation efforts since conviction.  The court considered and ultimately rejected this motion.  The court then made findings with respect to the factors set forth in 18 U.S.C. § 3553(a).  Based on these findings, the court once again sentenced Brown to a total of 420 months' imprisonment.  This total represented:  (1) 240 months' imprisonment on Count One; (2) 180 months' imprisonment on Count Two, to run consecutively to the sentence on Count One; and (3) 120 months' imprisonment on Count Three, to run concurrently with the sentence on Count One.

Brown timely appealed on November 20, 2007.  On appeal, Brown challenged his re-sentencing on three grounds.  First, Brown asserted that the district court failed to cite a legitimate reason for increasing his sentence on Count Two from 120 months to 180 months.  Secondly, Brown argued that his amended sentence was greater than necessary to satisfy the goals of 18 U.S.C. § 3553(a).  Finally, Brown maintained that the district court violated his right to a trial by jury under the Seventh Amendment by making factual findings regarding the nature of his prior convictions that served to enhance his sentence. The Court of Appeals rejected all three arguments and affirmed the revised sentence on June 30, 2010.  See Brown, 385 F. App'x

at 148.  His timely petition under § 2255 is now before this court.

## II.

Brown alleges in his pending § 2255 petition ineffective assistance of counsel under the standard set forth in Strickland v. Washington.  466 U.S. 668 (1984).  In his pro se petition, Brown contends that counsel at trial and his initial sentencing was ineffective for failing to interview a potential defense witness and failing to object to the district court's calculation of Brown's criminal history points.  He further asserts that he received ineffective assistance of counsel during his second appeal because counsel did not advance the arguments that:  (1) the career offender provision under U.S.S.G. § 4B1.1 is "extreme deterrence;" and (2) the district court failed to "consider factors to justify [his] sentence," which was an "unjustified difference" from sentences that other district courts have allegedly imposed.

Under the Strickland standard, Brown bears the burden of proving that:  (1) counsel's performance was deficient; and (2) he suffered prejudice as a result.  Id.  The first prong requires that "[counsel's] performance was, under all the circumstances, unreasonable under prevailing professional norms." United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).

Our scrutiny of counsel's performance is highly deferential.  We presume that counsel's actions were undertaken in accordance with professional standards and as part of a "sound

trial strategy." Strickland, 466 U.S. at 689 (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)).  To satisfy the prejudice prong, Brown must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.  A "reasonable probability" is one that is "sufficient to undermine confidence in the outcome." Id.  When ruling on a § 2255 petition, the court may address the prejudice prong first "and reject an ineffectiveness claim solely on the ground that the defendant was not prejudiced." Rolan v. Vaughn, 445 F.3d 671, 678 (3d Cir. 2006).

We first address Brown's contention that trial counsel was ineffective for failing to interview Gabriel Voluntad, the individual with whom police saw Brown on the night of his arrest.  Brown now contends he never met Voluntad until after his arrest in February 2004.  Brown states that this meeting took place in a county jail while Brown awaited trial.  According to Brown, Voluntad purportedly would have testified that he and Brown had never met before that time.  Furthermore, Voluntad would have testified that he and Brown were not selling drugs together on the night in question.  Brown alleges that his attorney failed to speak with Voluntad despite his suggestion to do so in October 2004.  Brown has submitted his own affidavit attesting to these facts but has not obtained any declaration from Voluntad.

Under Strickland, "counsel has a duty to make reasonable investigations or to make a reasonable decision that

-8-

makes particular investigations unnecessary." Strickland, 466 U.S. at 691. The decision of whether to interview and call a particular witnesses is generally a strategic choice made by counsel and is entitled to a "heavy measure of deference." Strickland, 466 U.S. at 690-91. As our Court of Appeals has stated, "trial counsel [is] not bound by an inflexible constitutional command to interview every possible witness. Instead, counsel [is] simply required to exercise reasonable professional judgment in deciding whether to interview" a potential witness. Lewis v. Mazurkiewicz, 915 F.2d 106, 113 (3d Cir. 1990). To rise to the level of ineffective assistance of counsel, there must be a clear showing that the testimony would have been material and favorable. Id.; see also United States v. Gray, 878 F.2d 702, 711 (3d Cir. 1989).

Brown has failed to show that the testimony of Voluntad would have been material and favorable to his case. Voluntad was arrested on the same evening as Brown, after he was apprehended in a nearby bar attempting to flush narcotics down a toilet. Furthermore, Brown claims that he first met Voluntad in a county prison. Any testimony by Voluntad regarding his arrest and confinement would have raised questions regarding his credibility. Counsel cannot be deemed ineffective for failing to call a witness where there is good reason to question the witness's credibility and the witness would be vulnerable to cross-examination on damaging evidence. See, e.g., McAleese v. Mazurkiewicz, 1 F.3d 159, 167-70 (3d Cir. 1993).

Brown additionally has failed to show that he was prejudiced by counsel's failure to interview Voluntad under the second prong of Strickland.  As the Supreme Court has stated, "a verdict or conclusion only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support."  Strickland, 466 U.S. at 694.  Here, an experienced police officer testified that he clearly observed Brown engaged in drug transactions with Voluntad as a partner.  Brown fired shots and led police officers on a high-speed chase, further suggesting that he had been engaged in illegal activity on the night in question.  When searched incident to his arrest, Brown was found to be in possession of 58 plastic packets of cocaine.  Considering this overwhelming evidence, Brown has not shown a reasonable possibility that any favorable testimony by Voluntad would have affected the outcome of the trial.  Id.

Brown also asserts that counsel at trial erred by entering into various stipulations, namely:  (1) a stipulation that the white powdery substance seized from him and introduced as a government exhibit was cocaine; (2) a stipulation that the firearm listed on the indictment was a .40 caliber Glock semi-automatic handgun loaded with eight rounds of ammunition; and (3) a stipulation that Brown previously had been convicted of a felony.

Stipulations are a matter of trial strategy and as a result are entitled to deference.  When used correctly, stipulations allow counsel "to avoid senselessly lengthening a

trial or drawing attention to issues harmful to a party." United States v. Shabazz, No. 06-710-01, 2011 WL 2453496, at *4 (E.D. Pa. June 20, 2011). All three of these stipulations involved issues harmful to Brown. Brown has presented no evidence that any of the facts to which counsel stipulated are not true or that litigation of these issues would have been productive. Accordingly, counsel was not ineffective for using stipulations as part of his trial strategy.

In connection with his first sentencing, Brown further maintains that counsel was ineffective for failing to object to the court's calculation of his criminal history. Brown claims that if counsel had done so, he would have been assigned to a criminal history category of V instead of a criminal history category of VI. The lower criminal history category would have resulted in a lesser sentence under the Guidelines.

Brown's initial sentencing was vacated by our Court of Appeals. See Brown, 241 F. App'x 890. At resentencing, this court found Brown to be a career offender. As a career offender, Brown's criminal history category was VI regardless of his point calculation. Even assuming that the initial point calculation was somehow incorrect, Brown cannot show that he was prejudiced under Strickland. Accordingly, he cannot succeed on this ground.

With regard to his second appeal, Brown claims that counsel was ineffective for failing to file a supplemental brief advancing the argument that the career offender provision of the Guidelines is "extreme deterrence." This argument is baseless.

The court correctly determined Brown to be a career offender under the Guidelines and Brown does not challenge that finding. See U.S.S.G. § 4B1.1.  It is evident from the re-sentencing transcript that the court was aware that it had discretion to depart downward but declined to do so after careful consideration of the factors listed in 18 U.S.C. § 3553(a).

Our Court of Appeals lacks jurisdiction to review discretionary decisions by district courts not to depart downward, and therefore an appeal on this basis would have been futile.  See, e.g., United States v. Batista, 483 F.3d 193, 199 (3d Cir. 2007).  An attorney is not ineffective for failing to raise every issue suggested by a defendant.  Jones v. Barnes, 463 U.S. 745, 751 (1983).  Instead, appellate counsel is entitled to "winnow[] out weaker arguments on appeal and focus[] on one central issue if possible, or at most on a few key issues."  Id. at 751-52.  An attorney certainly cannot be found incompetent for refusing to make a meritless argument.  See, e.g., Werts v. Vaughn, 228 F.3d 178, 203 (3d Cir. 2000).  Accordingly, this is not a ground for relief.

Brown also asserts that counsel was ineffective on his second appeal for failing to argue that the district court did not "consider factors to justify his sentence" and that his sentence was an "unjustified difference" from other unspecific courts that have imposed minimum Guidelines sentences.  Brown's contentions have no support in the record.  As mentioned previously, this court carefully considered all of the § 3553(a)

factors when imposing the sentence.  The court found that Brown's offenses, including his attempts to shoot police and his involvement in a high-speed chase, were "very serious indeed." We noted that the need for deterrence was high because Brown had endangered the lives of police officers and citizens of Philadelphia.  We also found that Brown showed no remorse and had not been deterred by punishment for his previous offenses.  When considering the need to promote respect for the law, the court concluded that Brown's criminal history was "reprehensible" and that he had shown "no respect for the law over [his] lifetime." The court also specifically addressed the need to protect society from Brown and stated that "[p]eople have the right in a civilized society to be protected from violent criminals and they have the right to be protected from the likes of you."

Furthermore, Brown's counsel did contend on his second appeal that his sentence was greater than necessary to satisfy the goals of § 3553(a).  This argument was rejected by the Court of Appeals.  See Brown, 385 F. App'x at 148.  Based on this record, Brown has not shown that counsel performed unreasonably or that he was prejudiced by failure to raise this specific argument.

The remainder of Brown's claims are without merit. Because Brown's contentions even if true would not entitle him to relief, no hearing is necessary.  See, e.g., United States v. McCoy, 410 F.3d 124, 134 (3d Cir. 2005).  His petition under

§ 2255 will be denied. A certificate of appealability will not issue.